# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Howard Scott Gregory, ) | Civil Action No.: 4:16-cv-03581-JMC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden Meeks, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 8) recommending that the court dismiss Petitioner's Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) for failure to exhaust administrative remedies. The court rejects the Report's finding that Petitioner did not exhaust his administrative remedies.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Petitioner filed his Petition pursuant to 28 U.S.C. § 2241 on November 7, 2016 requesting that his good time credits be restored. (ECF No. 1 at 9.) Petitioner's good time credits were taken because he was involved in two attempted Suboxone introductions on August 3, 2015, and August 12, 2015; and lying to a staff member. (ECF No. 1-1 at 1-3.) An Incident Report was made and delivered to Petitioner on November 12, 2015. (*Id.*) The Bureau of Prison's ("BOP") data summary for Petitioner's administrative remedy shows that Petitioner filed two Discipline Hearing Officer ("DHO") Appeals, the first on January 4, 2016; and the second on March 9, 2016. (ECF No. 10-1 at 1.) The Report was filed on November 16, 2016 (ECF No. 8), and Petitioner timely objected to it on November 28, 2016 (ECF No. 10).

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence, or return the matter to the Magistrate Judge with instructions." *Id.* at 72(b)(3).

## III. ANALYSIS

Petitioner specifically objects to the Report's finding that he did not exhaust his administrative remedies. (ECF No. 10 at 1.) The court finds that the Magistrate Judge made an error in finding that Petitioner did not exhaust his administrative remedies.

Pursuant to *Timms v. Johns*, 627 F.3d 525, 530 (4th Cir. 2010), in order for a court to consider a habeas action under section 2241, Petitioner is required to have exhausted his administrative remedies. The BOP administrative appeal process is a three-tiered process, the first tier being the initial filing of a BP-9 Form, if an informal resolution cannot be reached, which is a request for a formal written Administrative Remedy. 28 C.F.R. § 542.14. The BP-9 Form must be filed within twenty (20) calendar days following the date on which the basis for the request occurred, but a filing extension may be granted for valid reasons.[1] *Id.* The second tier is an appeal

---

[1] "[v]alid reasons for delay include the following: an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified

to the appropriate BOP Regional Director using a BP-10 Form which must be filed within twenty (20) days of the Warden signing the response to the Administrative Remedy Request. *Id.* at § 542.15. The third tier is an appeal to the BOP's General Counsel using a BP-11 Form, which must be filed within thirty (30) calendar days of the Regional Director's response to an inmate's Administrative Remedy Request. *Id.* In this case, Petitioner's appeal is a DHO Appeal, thus his appeal must be initially submitted to the appropriate Regional Director. *Id.* at § 542.14(d)(2).

Appeal to the General Counsel is the final administrative appeal, *id.* at § 542.15(a), and General Counsel has an initial forty (40) days to respond, with a twenty (20) day extension if the time period to respond is insufficient. *Id.* at § 542.18. If after sixty (60) days, an inmate has not received a response, the inmate may consider his or her claim denied. *Id.*

Petitioner's initial DHO Appeal was filed almost two months after the incident report was delivered to him. (*See* ECF Nos. 1-1 at 3, 10-1 at 2.) The incident report states that Petitioner had a right to appeal the committee's decision within twenty (20) calendar days. (ECF No. 1-1 at 1-3.) The court is unaware of whether Petitioner was apprised of his right to object, but assumes that he was, seeing that he filed appeals to the committee's findings. (*See* ECF No. 10-1 at 1.) The court is also unaware if Petitioner was granted any extension to filing his initial appeal thus Petitioner's initial appeal is potentially untimely. However, it was received and denied by the Regional Director (ECF No. 10-1 at 2), and General Counsel acknowledged and accepted Petitioner's Appeal (ECF No. 10-1 at 4), thus the court will assume that his appeals were timely.

Addressing the Report's findings, Petitioner's exhibits to his initial Petition did not include evidence of his appeal to the Regional Director, only providing evidence of his appeal to the

---

by staff, that a response to the inmate's request for copies of dispositions requested under § 542.19 of this part was delayed."

3

General Counsel; whereas, his exhibits to his Objection contain evidence of two appeals; an appeal to the Regional Director, and an appeal to the General Counsel. (*See* ECF Nos. 1-1 at 4, 10-1 at 1-3.) Petitioner received a letter from the Central Office (where the General Counsel is located) on October 12, 2016 stating that his Administrative Remedy was filed and accepted by Central Office and had a response due date of May 8, 2016. (ECF No. 10-1 at 4.) Because Petitioner did not receive a response from the General Counsel by the May 8, 2016 deadline, he could assume that his claim was denied, and thus could file his Petition. *See* 28 C.F.R. § 542.18.

### IV. CONCLUSION

Petitioner exhausted all of his administrative remedies pursuant to 28 C.F.R. § 542.10, et seq., which would make his Petition ripe for review. Thus, the court **REJECTS** the Magistrate Judge's Report and **REMANDS** this case to the Magistrate Judge for review of Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 2, 2018
Columbia, South Carolina